Statement of the Case.
NIGHOLLS, J.
Plaintiff alleged: That on or about June 19, 1907, at about 10 o’clock in the morning, she was walking down the downtown side of Jackson avenue going towards the river. She reached Chippewa street, where there is a street railroad track Chat she looked up the street, and, seeing no car coming, she attempted to cross said street at the usual foot crossing. That when she reached the further side of the street and the river side track of the street railroad she was overtaken, struck, and knocked down by a street car running downtown which she believes bore No. 228 of the S. Peters street line. That the car ran over her left foot and crushed it, and also bruised her left arm and side and head.
That she was taken to the Charity Hospital, where her foot was amputated above the ankle. That she remained in said hospital about seven weeks. That she suffered much pain, both before, during, and after the operation. That she is unable to walk, and cannot use crutches because her left arm is partially paralyzed and unable to hold a crutch and appears permanently injured.
That the said street car was owned and operated by the New Orleans Railway & Light Company, a corporation organized under the laws of this state, and domiciled in this parish. That petitioner was crossing at the only place where she had a right to cross, and was in the exercise of due care, and was not guilty of any fault, negligence, or carelessness when she attempted to cross said street. That the injuries to petitioner were caused directly and immediately by the gross negligence, recklessness, fault, and want of care on the part of the New Orleans Railway & Light Company, its motorneer, servant, and employé, and could have been avoided by the exercise of ordinary diligence,' care, and skill on the part of the said motorneer.
That the car was running at an unusual rate of speed at that crossing. That the motorneer was not attending to his duties, and, instead of looking to the front of his car, had his head turned towards the river, and failed to heed the repeated cries and warnings made to him by a person in the immediate vicinity when he was about to run over petitioner, nor did he give any strike on the gong.
That petitioner has suffered injuries, physical and mental pain and agony in the loss of her foot, and the deprivation of the use of her arm in the sum of $5,000, for which the said New Orleans Railway & Light Company is liable to her as her separate property.
In view of the premises, petitioner prayed that the said New Orleans Railway & Light Company be cited to appear and answer this petition, and, after due proceedings had, that it be condemned to pay petitioner the sum of $5,000, with legal interest from judicial demand till paid and all costs of suit, and for general relief, etc. ■
Defendant answered, pleading a general denial. Further answering, they averred that the injuries alleged to have been received by the plaintiff were not caused by any fault, negligence, or neglect of defendant, its agents, servants, or employes, but were due entirely to the carelessness and negligence of the plaintiff, who disregarded the on-coming car which was close to her and under headway, and stepped toward it, and was struck and injured thereby, notwithstanding every effort that could be made to prevent injury resulting from the plaintiff’s negligence. Under the circumstances, and due to the unexpected action of the plaintiff, the accident could not be avoided by the motorman, and, if plaintiff’s injury was not caused entirely by her own fault, then her conduct in the premises contributed to the same.
*901 The case was tried before the district judge, who rendered judgment in favor of the defendant, and plaintiff has appealed.
Opinion.
The injury to the plaintiff, Mrs. Carroll, occurred on the lower foot crossing at the corner of Chippewa and Jackson street while she was crossing the street directly in the rear of a large two-horse wagon, going up Chippewa street, which had caused her (by passing in front of her) to halt until it should have passed.
In crossing under those circumstances, she is charged with contributory negligence. We are of the opinion that no blame should be attached to her. Through Chippewa street the defendant operates a single track of railway. The street is so narrow at the intersection of Jackson and Chippewa that it is impossible for a railway car and a vehicle to pass alongside of each other.
A vehicle going up Chippewa is forced to enter into Jackson street before a car going towards Canal street can pass into Chippewa. On the morning of the accident to the plaintiff, she was walking on the lower side of Jackson street going to the rear of the city. When she reached the corner of Chippewa, she was signaled to by the driver of the wagon above referred to to stop and allow him to pass in front of her. She obeyed the signal, and, when the wagon had passed beyond her, she started to cross the street. Crossing as she did, directly in rear of the wagon and at a street crossing, she had the right to assume that no motorman would endeavor to move into the street and across the foot crossing until he had assured himself that there was no one just behind the wagon attempting to cross the street and until he had afforded any one who might seek to cross ample time to do so.
With horses and a wagon directly on her left, Mrs. Carroll had the right to believe that they would protect her from danger from any car passing beyond the foot crossing, until the motorman had made certain that the way was clear.
She had no reason to suppose that any motorman would so quickly occupy the space left vacant by the passing of the wagon as to knock her down before she could get across. We have recently had occasion to refer to an ordinance of the city, which makes it the duty of a motorman in charge of a car on one of two lines of parallel tracks, who would see a car upon the adjacent parallel tracks stop to discharge a passenger, to stop his own car in order to give time to any passenger who might attempt to cross the street in rear of the other car, time to do so in safety. The terms of that ordinance do not cover this case, but the principle upon which the ordinance is founded finds direct application to these narrow streets along which there runs a single line of railway track, with reference to the duty of a motorman to secure the safety of a person who might seek to cross the street directly in the rear of a wagon.
The motorman testified that he was unable to see Mrs. Carroll by reason of the intervening wagon and horses; but that is the very reason why he should have exercised special and additional caution in the management of his car. He was obliged to know that, if he could not see any one on the crossing because of the intervening wagon and horse, for the same reason a person at the crossing would not have seen the oar. 1-Ie should, therefore, have governed himself accordingly.
The plaintiff testified that she had looked up Chippewa street before attempting to cross. She must have done this before the wagon began to move past her, and when by the passing of a Jackson car going from the river she could see no car on the 'Chippewa line on the track of that street above the Jackson street track.
*903 The testimony in the case does not satisfy us that the motorman was properly attending to his duties. The driver of the wagon and a companion of his who sat on his left both testified that he (the motorman) was not looking at the time at what was before him, but was looking to his right, towards the river.
We think he should 'have had his car under thorough control as he came to the crossing, and that he crossed with too much power applied to the ear at that time, for the safety of pedestrians.
The testimony shows that Mrs. Mary Carroll, a woman 55 years of age, was injured on the morning of June 19, 1907, by a car of the Chippewa line belonging to defendant company, having her foot run over necessitating amputation of same just above the ankle at the Charity Hospital by Dr. Dana. Her arm was broken, and all her teeth knocked out, and the back of her head hurt. She has not yet recovered the full use of her fingers, having lumps on them as a result of the accident. After suffering eight or nine months with her injured limb, she was able to use crutches, and then got an artificial foot. She was confined to her room from this accident for probably a year. It was not easy for her to make use of crutches because of the condition of her injured arm.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment of the district court be, and the same is hereby, annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that the plaintiff, Mrs. Mary Oarroll, do have and recover judgment against defendant, the New Orleans Railway & Light Company, in the sum of $5,000, with legal interest from date of judgment until paid, with costs in both courts.
PROVOSTY, J., 'concurs. MONROE, J., dissents.