GIANGROSSO v. SCHWEITZER ET AL.

(April 29, 1929. Opinion and Decree.)

Edward M. Robbert, of New Orleans, attorney for plaintiffs, appellees.

Hopkins and Talbot, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. Mr. and Mrs. Rosario Giangrosso bring this suit against W. C. Bohanon as the owner, and Gasper Schweitzer as the driver, of a Ford truck which, it is alleged, because of its negligent operation, ran into and killed their seven-year-old minor child, Vincent Giangrosso. They ask for judgment for $10,000 in solido against both defendants.

Bohanon denies that he was the owner of the truck or that he is in any way responsible for the action of Gaspar Schweitzer. Schweitzer disclaims all fault and, without pleading contributory negligence, avers that "the accident was caused wholly by the negligence of the unfortunate child in running from behind the large truck directly in front of your respondent's truck so suddenly that the accident, insofar as your respondent was concerned, was entirely unavoidable."

There was judgment for plaintiffs and against both defendants in the sum of $2000. The defendants alone have appealed.

Bohanon was the proprietor of a dyeing and cleaning business, which he operated under the name of Edesco Cleaners and Dyers. Two trucks were used in connection with this business, both of which bore the name "Edesco Cleaners and Dyers" painted on the side. One of these trucks, defendant admits, was owned and operated by him. The other truck, the one operated by Gaspar Schweitzer, he asserts, belonged exclusively to Schweitzer, who was working for him on a commission basis of thirty cents on the dollar of all cleaning business brought to Bohanon's shop.

It is not easy to understand why one truck should have been owned and operated by Bohanon and the other by Schweitzer, since both were used in connection with Bohanon's business and both carried his trade name; but when it is considered that the Schweitzer truck, which had been bought on the installment plan, was being paid for with checks of the Edesco Cleaners and Dyers, with checks signed "Edesco Cleaners and Dyers," the difficulty increases, nor is the situation relieved by the statement of Bohanon to the effect that the money, with which these payments had been made, was handed him by Schweitzer in currency. Our conclusion is, on this point, that the Schweitzer truck was a part of Bohanon's equipment to the same extent as the other truck, and that Schweitzer was his employee.

The accident occurred at the intersection of North Roman and Lapeyrouse Streets, a thickly populated neighborhood, at about 3:30 p. m. There are six or seven schools in the immediate vicinity, and, at the time of the accident, Vincent Giangrosso and many other children were returning from school. Schweitzer was quite familiar with the neighborhood and the conditions obtaining, which were such as to impose upon drivers of automobiles the necessity of unusual care. It is in evidence that the Ford truck was being driven very rapidly and in excess of the speed limit as established by the traffic ordinance. Were the speed within the legal limit, it might well have been excessive considering the conditions. The child was seen by a companion of the driver, who was seated next to him, a distance of fifteen feet before he was struck. Schweitzer should have been able to stop his truck within this distance if it had been under proper control. He claims that he did not see the boy until just before he was struck, because, he says, the boy ran out from behind a large brewery wagon which was parked near the sidewalk. He is evidently mistaken in this, because his friend saw the boy, as we have said, when fifteen feet distant, and the driver should have seen him also. It is evident to our minds that the accident was caused by the excessive speed of the truck.

Whether the seven-year-old boy was or was not guilty of contributory negligence is unnecessary to determine, since that issue was not raised by the pleadings.

For the reasons assigned, the judgment appealed from is affirmed.