GAUVEREAU v. CHECKER CAB CO.

(January 13, 1930. Opinion and Decree.)

Wm. H. Talbot, of New Orleans, attorney for plaintiff, appellant.

Paul L. Fourchy, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Louis Gauvereau, an employee of the New Orleans Fire Department, brings this suit against the defendant alleging that the truck, on the running board of which he was riding, was run into by a cab belonging to the defendant company at the intersection of Iberville and Burgundy streets of this city, with the result that he suffered injuries for which he claims damages. Defendant answered alleging that the injuries were caused solely by the negligence of plaintiff and disclaiming all responsibility in the premises. There was judgment below in defendant's favor and plaintiff has appealed.

It appears that on the morning of January 10, 1927, at about 8:30, plaintiff requested the driver of a Ford truck to permit him to ride a short distance and his request having been granted, assumed a position on the running board of the truck. When the truck reached the corner of Iberville and Burgundy streets a collision occurred between a taxicab operated by the defendant corporation and the truck on which plaintiff was riding. At the time of the accident the cab was being driven out Iberville street in the direction of the river and the truck, on which plaintiff was riding, was going up Burgundy street in the direction of Canal street. The plaintiff was on the side of the truck facing the cab and had intended to alight from the truck at the corner where the collision occurred.

The defendant contends that its cab did not strike plaintiff and alleges that his injuries were due to the fact that he jumped off of the truck just before the collision, lost his footing and fell, and, it is argued, in this court, that in any event plaintiff in riding on the running board was guilty of a violation of the city ordinance and, therefore, contributorily negligent. We are informed in argument that it was on this latter ground that the trial court was persuaded to dismiss plaintiff's suit, however, we find nothing in the record indicating what the reasons of the trial court were for its judgment. Nor do we find any plea of contributory negligence.

Contributory negligence must be specially pleaded and proven. No such plea is made in this case and the city ordinance upon which defendant relies is not referred to in his answer. It is not sufficient to aver the negligence of plaintiff to be the sole cause of the accident. Schwitzer v. Giangrosso, 10 La. App. 777.

Admitting arguendo the negligence of plaintiff and his violation of the city ordinance, to defeat his recovery it must appear that his negligence was the cause of the accident. Shick v. Jenevin, 145 La. 334, 82 So. 360; Manceaux v. Hunter, 148 La. 97, 86 So. 665.

Whether plaintiff jumped or was knocked off of the truck by the impact of the collision is unimportant, because we are satisfied from the evidence that if he jumped it was at a time when the collision was imminent and in an effort to avoid injury,

consequently the result of his fall was due to the collision.

Our appreciation of the record is that the accident was due to the excessive speed of the driver of the cab, who was subsequently charged with reckless driving in the Criminal court and convicted and sentenced. There are various estimates of the speed of the cab by the witnesses who testified in this case, but all are agreed that it was going very rapidly. Besides when the cab driver made a belated effort to check his speed, the cab skidded over the pavement, indicating that it was not under control.

Moreover the accident occurred at about 8:30 in the morning, in daylight and plaintiff was in full view of the driver of the cab, the truck having entered the intersection at a very slow pace, and having almost completed the crossing, when struck by the cab, the driver of which might easily have avoided the accident by the exercise of ordinary care. We are convinced that defendant is liable.

Plaintiff suffered a fractured skull as a result of the accident, the effect of which upon the sensory region of the brain was to destroy his sense of taste. He incurred an expense of $120.40 for hospital service and a doctor bill of $30, and was unable to work for more than two months. It is manifest that his injuries were serious. We will allow $3,500.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed and that there now be judgment in favor of the plaintiff, Louis Gauvereau, against the defendant, Checker Cab Company, in the full sum of $3,500 with legal interest from judicial demand until paid.

JANVIER, J., takes no part.