## MATULICH v. CROCKETT et ux.
### No. 16765.

Court of Appeal of Louisiana. Orleans.

Nov. 28, 1938.

John J. Conners, M. C. Scharff, and Stephen B. Rodi, all of New Orleans, for appellant.

Dart & Dart and Leo L. Dubourg, all of New Orleans, for appellees.

McCALEB, Judge.

The plaintiff, appearing on behalf of his minor child, Jacqueline Marie Matulich, instituted this action against A. R. Crockett and his wife, Mrs. Lottie Crockett, to recover damages for the personal injuries sustained by the minor as the result of an automobile accident occurring on August 15, 1933, on Morgan St. in the Fifth Municipal District of New Orleans, commonly called Algiers.

From an adverse judgment in the court below in favor of the defendants, plaintiff has prosecuted this appeal.

The material facts of the case are not seriously contested and we find them to be as follows:

On August 15, 1933, shortly after 4:00 p. m., Mrs. Matulich, accompanied by her little daughter, Jacqueline (then three years of age), her sister and her sister's two minor children, was standing on the corner of Morgan and Lavergne Streets in Algiers waiting for the arrival of a bus of the Louisiana Power & Light Company, which her sister and the latter's children intended to board. In due course, the bus arrived, stopping at its usual sta-

tion on Morgan St. for the purpose of receiving and discharging passengers. Thereupon, Mrs. Matulich's sister and her two children proceeded to board it. While Mrs. Matulich was engaged in aiding her sister board the bus, her daughter, Jacqueline, ran into Morgan St. from around the front end of the bus and, just as the child reached the middle thereof, she was struck by an automobile owned by the defendant Crockett which was being driven by his wife at the time. The car, upon striking the child, swerved to the left side of Morgan St. and came to rest against the right side of a parked truck situated approximately 40 feet from the point of impact. This truck was located on the opposite side of the street from the bus and had been backed into the left curb of the street, for the purpose of loading furniture thereon, so that its front portion extended towards the center of Morgan St.

The defendants deny any responsibility for the injuries sustained by the child in the collision, contending that Mrs. Crockett, the driver of the automobile, was operating the vehicle with prudence and that the sole and proximate cause of the accident was occasioned by the sudden act of the little girl in darting into the street from the front of the parked bus.

The scene of the accident is Morgan St. in Algiers at a point near its intersection with Lavergne St. Close to the starting point of Morgan St., Lavergne and Patterson Streets intersect each other and, because of the fact that vehicular traffic approaches and traverses the converging points of these streets and Morgan St. from various angles and directions, the entrance into Morgan St. is distinctly hazardous.

Mrs. Crockett's story of the occurrence is that, just prior to the accident, she was driving her automobile on Patterson St. and was following the bus which was proceeding therein in the direction of Morgan St.; that it was her intention to enter Morgan St. from the Patterson and Lavergne Street intersection and that she was traveling at a speed of approximately 12 to 15 miles per hour. She further declares that, when the bus preempted the intersection of the converging streets into Morgan St., it stopped on the right hand corner of Morgan St. for the purpose of taking on passengers and that she noticed, just prior to the time the bus stopped, the presence of plaintiff's wife, the latter's sister and the three children ostensibly waiting to board it. She also asserts that, when the bus stopped, she was under the belief that it was not going to discharge any of its passengers and that, under these circumstances, she felt that it was safe for her to pass it without slackening the speed of her automobile. She states that she accordingly proceeded into Morgan St.; that, just as she was about to pass the bus (having arrived at a point nearly abreast with), plaintiff's little girl darted from the front of the same into the path of her car and that, in the emergency thus presented, she swerved to the left in an effort to avoid striking the child but that, notwithstanding, the child was hit by her front bumper and was carried on said bumper to the point where her car subsequently collided with the parked truck on the left side of Morgan St.

The District Judge was convinced that the statement of Mrs. Crockett, with respect to the manner in which the accident occurred, was sufficient to exonerate her from negligence in the premises and, in his written opinion, he remarked that:

"This court will not declare that a car operated from 13 to 15 miles per hour while crossing the intersection of the street is negligence."

We are unable to concur with our Brother's appreciation of the law as applied to the facts of this case. A perusal of the evidence submitted has been ample to convince us that Mrs. Crockett's statement clearly indicates that she did not act with prudence in view of the circumstances obtaining at the time of the collision. It is well established that the miles per hour an automobile is traveling is not the controlling factor in determining whether the speed of the car is excessive. See Quintano v. Ibos, 14 La.App. 73, 128 So. 186, and Johnson v. Bisso Ferry Co., 13 La.App. 159, 162, 127 So. 661. On the contrary, the velocity of the automobile must always be commensurate with the conditions prevailing at the time of the accident. What may be a lawful speed for a vehicle under one set of facts cannot be relied upon for the purpose of escaping liability in other situations—for, in many cases, the ultimate result depends entirely upon the degree of control the driver should have maintained over the movement of his car.

In the case at bar, Mrs. Crockett was well acquainted with the conditions obtaining at and near the place where the accident occurred. She saw the bus when it stopped at its usual station in Morgan St. for the purpose of accepting and discharging passengers. She also observed the presence of the women and children waiting for the bus and she should have realized that it would be hazardous for her to attempt to pass the bus without warning the pedestrians in the vicinity and without having adequate control over the movement of her car. A prudent person would have been immediately placed on his guard under these circumstances and would have retarded the speed of his vehicle to such a slow pace that it could be brought to an immediate stop in case an emergency presented itself. But notwithstanding this, Mrs. Crockett proceeded on, apparently heedless of the danger thus presented, at an admitted speed of 12 to 15 miles per hour when she should have anticipated that one of the small children standing at the intersection where the bus was stopped might, through childish impulse, dart into the street.

Defendants' counsel, in an effort to persuade us that Mrs. Crockett was prudent, direct our attention to many cases, notably Martinez v. Crusel, La.App., 148 So. 742, Fernandez v. Montz, 151 La. 299, 91 So. 742, and Millannos v. Fatter, 18 La.App. 708, 138 So. 878, holding that a defendant is free from negligence in cases where a child darts into a city street from a place of safety, particularly when the presence of the child is screened from his view. The conclusions reached in those matters are based on facts vastly different from those appearing in this case. Hence, the decisions are without application.

Since it is our opinion that Mrs. Crockett was guilty of negligence, we next consider whether her husband is responsible for her tort. He claims exoneration from liability on the ground that his wife was not acting as agent of the community at the time the accident happened. If such be the case, Mr. Crockett cannot be held for the damages occasioned by the fault of his wife, for, as said by the Supreme Court in the recent case of Adams v. Golson, 187 La. 363, 174 So. 876, 879:

"It is our opinion, therefore, that in order to hold the husband liable as head and master of the community for torts committed by his wife within the meaning and contemplation of the provisions of article 2986 of the Revised Civil Code, it would have to be shown affirmatively that she was expressly or impliedly authorized to and was, at the time of the commission of the act, actually attending to the affairs or business of the community.

"In this case the primary purpose of Mrs. Golson's trip to Baton Rouge on the day of the accident was not to take a meal but was for her own pleasure and benefit, that is, to attend a style show and a meeting of a fraternal organization. The taking of her evening meal there was merely a matter of convenience to her and incidental to the main object of her use of the automobile on that day. No sound and logical reason has been suggested by counsel, and we can think of none, why a man should be held liable for the torts committed by his wife while using his automobile for her own pleasure any more than he could be held liable if the tort had been committed by a third person while using the car for his own purposes or pleasure, with the owner's consent."

The evidence exhibits that Mrs. Crockett is a member of the Victory Girls, which is a women's auxiliary of the organization known as the Veterans of Foreign Wars. The chapter to which she belongs is engaged in charitable work in Algiers. It appears from the testimony that, at the time the accident occurred, Mrs. Crockett was performing a purely personal and charitable mission in that she was receiving foodstuffs and merchandise from various donors of her society and delivering these gifts to the poor.

We are not prepared to say, nor do we hold, that a wife engaged upon a charitable mission is not the agent of the community as we feel that the dispensing of alms may, under ordinary circumstances, be considered as part of the functions of community life. But, here, it is shown that Mr. Crockett had nothing whatsoever to do with the benevolent work performed by his wife as a member of the Victory Girls and that he had many times expressed his disapproval of her avid interest in that society. Moreover, the foodstuffs and merchandise which she was delivering at the time of the accident were not donated by the community but were gifts made to her organization by third persons. Under these circumstances, it is obvious that she was acting for herself in a pur-

suit having for its object her own personal gratification and satisfaction. Accordingly, her mission cannot be regarded as a community enterprise and it follows that the district judge was correct in dismissing plaintiff's suit as against her husband.

■ Finally, we consider the quantum of damages. The injuries sustained by the child consisted of a lacerated . wound of the scalp (which subsequently became infected), the loss of two baby teeth, contusions and bruises. Dr. E. B. Gill, who treated her, testified that her hurts were painful and that she remained under his care for a period of 8 weeks. After due deliberation, we have resolved that, since the injuries received by the little girl are neither permanent nor serious, an award of $300 is sufficient compensation.

For the reasons assigned, the judgment appealed from, insofar as it dismisses plaintiff's suit against Mrs. Lottie Crockett, is annulled, avoided and reversed and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, George Matulich, for the use and benefit of his minor child, Jacqueline Marie Matulich, and against the defendant, Mrs. Lottie Crockett, wife of A. R. Crockett, in the full sum of $300 with legal interest thereon from judicial demand and for all costs. In all other respects, the judgment appealed from is affirmed.

Reversed in part.

Affirmed in part.