The plaintiff filed this suit against the City of Baton Rouge, the Baton Rouge Water Works Company and the latter's insurer, Great American Indemnity Company, in solido, to recover damages in the sum of $6,205.11, on account of personal injuries received by her on January 1, 1945, at about 10:30 P. M., when she stepped into a hole adjacent to a water meter box near the curb of North Fifteenth Street and on the portion of ground from the said curb to the property line on the west side of said street reserved for a sidewalk in the City of Baton Rouge, and fell, breaking her right ankle. The Charity Hospital at New Orleans filed an intervention praying that in the event there should be judgment in plaintiff's favor then there be judgment in its favor for medical and X-ray expenses furnished plaintiff, together with attorneys' fees.
Plaintiff alleged that at about 10:30 P.M., on January 1, 1945, she was walking northward on the paved portion of North Fifteenth Street between Convention and Florida Streets. There was no concrete sidewalk in that block, and plaintiff alleged that pedestrians, to the knowledge of both the City of Baton Rouge and the Water Company, were accustomed to walk along a well-defined pathway on the west side of North Fifteenth Street immediately adjacent to the curb of the pavement. Plaintiff further alleged that neither the City nor the Water Company provided lighting facilities of any kind for that area and that it was very dark when and where she was injured. She alleged that as she was walking "on the sidewalk" she was thrown to the ground because her right foot went into a deep and dangerous hole in and adjacent to the said sidewalk thus causing her serious personal injury. Plaintiff alleged that the Water Company had excavated the hole for its meter box and had not properly and adequately filled the hole; that the hole surrounding the meter box was itself approximately two and one-half (2 1/2) feet in width and three (3) feet in length a that where plaintiff fell and received her injuries the hole was approximately fourteen (14) inches deep; that the said hole was partially obscured by grass and weeds. She alleged that the City of Baton Rouge was charged with actual knowledge of the installation of a meter and meter box which caused the hole and that it was the duty of the City to make such inspections of its streets and public walkways adjacent thereto as to make certain that said meters and meter boxes did not create a hazard to pedestrians, and the duty of the Water Company to maintain same so as not to interfere with the safe use of said street and walkway. Plaintiff relied on the doctrine of res ipsa loquitur and, in the alternative, she alleged that the Water Company was negligent in the following respects:
(1) That the hole around the meter box was inadequately filled and the earth settled and was not level with the sidewalk.
(2) That the Water Company failed to inspect the water meter at reasonable times in order to keep the meter level with the sidewalk and safe for pedestrians.
(3) That the Water Company knew or should have known, through its employees who read the meter monthly, that the hole *Page 883 
surrounding the meter box made the sidewalk dangerous and was a hazard to persons walking on it at night.
Plaintiff alleged that the negligence of the City of Baton Rouge consisted of:
(1) its failure to inspect the installation of said water meter and to require that it be properly done;
(2) its failure to cause the hole, which had existed many months, to be filled and the sidewalk made safe for pedestrians;
(3) its failure to maintain the walkway and pathway, which constituted in fact and in law a sidewalk, in a reasonably safe condition for use of persons exercising ordinary care, as was its duty.
Plaintiff also alleged that said hole, while visible in the daytime, was totally invisible at night; and that she was not aware of the softness of the ground around the meter box or the dangerous condition resulting therefrom. She alleged that the City of Baton Rouge, through its officials, had ample opportunity to observe the dangerous and unsafe condition of the sidewalk and to correct same, but failed to do so.
In its answer, the City of Baton Rouge made a general denial of liability and averred that if there were a hole it was adjacent to the sidewalk and not in or on the sidewalk, and if plaintiff were walking in a hole, she was not walking in a place where she had a right to walk. Further answering, the City of Baton Rouge alleged that if plaintiff was hurt it was entirely because of her own negligence, and said defendant specifically pleaded contributory negligence on the part of plaintiff in that she lived and has lived for some time prior to the alleged accident in the immediate vicinity of said meter box and traversed daily the area wherein she claims to have been injured and was, therefore, entirely familiar with the walk and any depression or hole and the extent to which the pathway was lighted at night. The defendant City further alleged that persons living in the vicinity of the place where plaintiff alleged she was injured, traversed daily the pathway or walkway without mishap. It also alleged that the upkeep of the meter box or its place of location, or the safety thereof is not its responsibility and that it is not incumbent on the City of Baton Rouge to supervise or investigate the activities of The Baton Rouge Water Company in respect to the operation of its business. It further alleged that North Fifteenth Street is primarily a right-of-way for the Railroad Company and no streets or sidewalks, as a general rule, are maintained along said street; and that there is a hard surface street or drive along the railroad tracks with a curb and a gravel passageway or walkway, all of which are in safe and unhazardous condition, and if plaintiff had walked where she should have walked, she would not have been injured, if in fact she was injured. This defendant denied that it had any knowledge, either actively or constructively, of any defect or hole rendering the walkway unsafe or hazardous.
Defendants, Baton Rouge Water Works Company and its insurer, Great American Indemnity Company, also made an answer of general denial of liability as to both the main demand and the demand made on intervention. They specifically denied that the place where the plaintiff was allegedly injured was and is a public sidewalk for the upkeep and inspection of which the Water Company was and is responsible. They alleged that the alleged accident was due to no fault, carelessness or negligence whatsoever on the part of said defendants, but was due solely and entirely to the gross carelessness or negligence of some other party for whom they are not responsible. In the alternative, they averred that plaintiff was guilty of negligence causing or contributing to said accident in that she had lived in the immediate proximity of the location of said meter box for many months prior to the date of the alleged accident; she had daily walked on the ground near the location of said meter box and was fully aware of the condition of the said meter box and of the terrain adjacent thereto, that she knew or, with reasonable care and caution, should have known of any defect in the box or the ground around it and, with the exercise of ordinary caution, should have and would have *Page 884 
avoided the alleged accident, and her failure to see and avoid the alleged defect constituted gross negligence on her part and is a bar to her right to recover for her alleged injuries.
After trial on the merits, the trial court, without written reasons assigned, rendered and signed a judgment rejecting plaintiffs demand against all defendants and dismissing her suit. From the judgment of dismissal, plaintiff has appealed.
There are three questions to be considered by this Court; First, the negligence of the City of Baton Rouge; second, the negligence of the Baton Rouge Water Works Company; third, the contributory negligence of the plaintiff.
North Fifteenth Street is a street within the City of Baton Rouge, running approximately north and south between North Boulevard and North Street, and intersecting Florida and Convention Streets. The Louisiana and Arkansas Railway Company's track occupies the eastern portion of the street; the western traffic portion of the street is hard surfaced between Florida and Convention Streets.
At the time of receiving the injuries set forth in her petition, plaintiff was residing, and had been for some eight years prior thereto, at municipal number 233 North 13th Street, on the west side of said street, between Convention Street to the south and Florida Street to the north. The sidewalk, on the west side of the street and within that block, is not paved, but is simply a dirt, mixed with gravel, sidewalk, of about four feet in width, with a concrete curb of about four inches wide and six inches high separating the dirt sidewalk from the paved vehicular portion of the street. There is a winding beaten path of about 18 inches on the dirt sidewalk leading from Convention Street to the north and extending beyond plaintiff's house. It is very irregular in shape. The remaining portion of the said sidewalk, on both sides of the said path, was overgrown with weeds.
The evidence shows that the meter box and the hole about it, and into which plaintiff stepped, are some fifteen feet south of the front of the house in which plaintiff lived at the time of receiving her injuries, some fifteen inches west of the concrete curb and close to or adjacent to the path to the east. The hole about the meter box had been permitted by the Baton Rouge Water Works Company and the City of Baton Rouge to exist for many months, if not for years. The City and the Water Works Company permitted grass to grow around and in the hole so as to obscure it, making it practically unnoticeable. The evidence further shows that the meter box was about four inches above the level of the ground and partly obscured by the weeds around it.
[1] It is the duty of a municipality to keep its sidewalks in such a condition that a pedestrian who is ordinarily careful will not be exposed to danger, and such pedestrian is required to use only ordinary care. He is not required to keep his eyes constantly on the walk in front of him and watch every step he makes. He has a right to assume that the sidewalk is safe for travel, and if he sustains an injury by reason of the unsafe condition of the sidewalk, the burden of showing that he was not using ordinary care, or contributed to the injury by his own negligence, rests upon the municipality. Lemoine v. City of Alexandria, 151 La. 562, 92 So. 58; Holbrook v. City of Monroe, La. App., 157 So. 566; Rodriguez v. City of Sulphur, La. App.,28 So.2d 771; White v. City of Alexandria, La. App.,35 So.2d 810.
The evidence shows that plaintiff and her companion had been to a picture show on North Boulevard some three blocks to the south and west of her residence. After the show and on their return home, plaintiff and her companion, upon reaching the intersection of Convention and North Fifteenth Streets, walked northerly along the paved portion of North Fifteenth Street, arrived at what they took to be the front of plaintiff's house, stepped over the curbing and westward, towards plaintiff's house. In so doing, plaintiff stepped into the hole, fell forward and to the ground and injured her foot by breaking her ankle. *Page 885 
[2] It is evident from the fall and the resulting injury that the hole or depression was of sufficient depth so as to make the sidewalk unsafe and dangerous, particularly at night. In fact, the City of Baton Rouge does not contend that the hole was not present. It principally relies on two defenses, first that it did not have notice of the condition of the sidewalk, and, second, that the plaintiff was guilty of contributory negligence. As to the first defense, the evidence is conclusive that this hole or depression existed for a period of months, if not for years. It had existed for a sufficient length of time to charge the City with constructive notice of the defect. As to the second defense, we shall hereinafter discuss it in conjunction with the like defense of the Water Works Company.
[3] The evidence shows that the water meter was installed, with the permission of the city, by the Water Works Company some four years prior to the accident to serve a customer, a neighbor of plaintiff. Once a month an employee of the said company would visit the meter and would read the same. It was its duty to keep the ground about the meter box in a safe condition for the passage of pedestrians using the sidewalk. It permitted the hole about the meter box to remain in such a condition as to be a virtual trap for some length of time and in allowing grass to grow at and about the meter box and the hole. It is passing strange that the Water Works Company did not call the employees or employee who monthly read the meter to testify as to the cause of the hole and the condition existing about the meter box. The main defense of this defendant, as we understand its briefs, is that the plaintiff was guilty of contributory negligence.
The next and most serious question is whether the plaintiff was guilty of contributory negligence. The ingenious counsel for the plaintiff contend that contributory negligence has not been properly pleaded by either the Water Works Company or the City of Baton Rouge.
With reference to the Water Works Company's plea, the following is quoted verbatim from its answer: "50. * * * In the alternative and in the event the Court should find that the plaintiff had the alleged accident, * * *, and that the Water Company was guilty of negligence or carelessness proximately causing or contributing to the said alleged accident, * * *, then in that event respondents aver that the plaintiff was guilty of negligence proximately causing or contributing to the said accident, particularly but not exclusively for the reasons hereinafter stated. 51. Respondents allege, on information and belief, that the plaintiff lived in the immediate proximity of the location of the said meter box for many months prior to the date of the alleged accident; she daily walked on the ground near the location of the said meter box and was fully aware of the condition of the said meter box and of the terrain adjacent to and in the proximity of the said meter box, and if there was any defect in the meter box or in the ground adjacent thereto, the said plaintiff knew of same, or with reasonable care and caution, should have known of the existence of same many months prior to the alleged accident, and with the exercise of ordinary caution, the plaintiff should and would have avoided the alleged accident, and her failure to see and avoid the alleged defect constituted gross negligence on her part and is a bar to her right to recover."
[4-6] It is well settled in our jurisprudence that contributory negligence being a special defense, must be specially pleaded before it can be considered. Article 50 of defendant's answer quoted above fully meets that requirement. Furthermore, the jurisprudence is well established that the facts relied upon as constituting contributory negligence must be set out. That requirement has also been met by the averments of facts as contained in Article 51 quoted supra. The only question is whether or not such facts constitute contributory negligence. Other facts but those set out in the plea cannot be considered. See McDonald et al. v. Stellwagon et al., La. App., 140 So. 133. The burden of proof rests with the defendants. Of course, in cases of this kind, it is practically impossible for the defendants to show, except from the plaintiff's own testimony that she did not exercise care and caution. *Page 886 
[7] The plaintiff testified that she had lived at 233 North 15th Street for about eight years; that she and her friend had been to a picture show and on their return to her house, they walked on the paved portion of the street; that it was dark and it was her intention to leave the paved portion and cross the sidewalk after passing the meter box but on account of the darkness, she crossed at about the meter box and did not see the hole. However, she admits that she travelled on the little winding path on the sidewalk many times and knew of the location of the meter box and the hole adjacent thereto. She did not know the depth of the hole. In the spring and summer grass would grow and die in the winter filling the hole. She had never examined the hole. Under these facts we cannot hold plaintiff guilty of contributory negligence. Much is said of the presence of street lights at Convention and Florida Streets and lights from Wolf's Bakery across the street from plaintiff's house. This fact cannot be considered in that it is not pleaded in the plea. They do not aver that the locus in quo was very well lighted. According to plaintiff, she was unable to judge her whereabouts on account of darkness. The testimony shows that this hole in the sidewalk was obscured by the grass which had grown and died, making the defect or hole obscured from vision of plaintiff. This case is somewhat similar to the cases of Parker v. City of New Orleans, La. App., 1 So.2d 123
and Rodriguez v. City of Sulphur, La. App., 28 So.2d 771. These defendants have failed to sustain the burden of proof.
As to the City of Baton Rouge's plea of contributing negligence, it is set out in Articles 50 to 55, inclusive, as follows:
"50. That if Plaintiff was hurt, it was entirely because of her own negligence, and your Respondent specifically pleads contributory negligence.
"51. Respondent further says that the Plaintiff lives and has lived for some time prior to the alleged accident, if any, in the immediate vicinity and has traversed daily the area wherein she claims to have been injured, and was, therefore, entirely familiar with the walk and knew of her own personal knowledge of any depression or hole and personally knew the extent to which the path-way or walk-way was lighted at night.
"52. Your Respondent further alleges that the path-way or walk-way was definitely defined and clearly ligible (visible) and if the Plaintiff stepped in a hole, she did so after stepping off the walk-way.
"53. Your Respondent further alleges that the persons living in the vicinity of the point of the alleged accident traversed daily the path-way or walk-way without mishap.
"54. Your Respondent further alleges that the up-keep of the meter box or its place of location or the guarantee of the safety therefor is not the responsibility of the City of Baton Rouge, nor is it encumbered (incumbent) upon the City of Baton Rouge to supervise or investigate the activities of the Baton Rouge Water Works Company in respect to the operation of their business.
"55. Your Respondent further alleges that North 15th Street is primarily a right-of-way for the Railroad Company and no streets or side-walks, as a general rule, are maintained along said street and along the particular street referred to in Plaintiff's petition. There is a hard surface street or drive along the railroad tracks with a curb and a gravel passageway or walk-way all of which are in a safe and unhazardous condition, and if the plaintiff had walked where she should have walked she would not have been injured, if injured."
[8] The plaintiff's counsel seriously contends that the City did not offer the plea in the alternative but pleaded it as an affirmative defense and not as a special plea. Therefore, it admitted the negligence of the City. We find no merit in this contention. Although not clearly stated that it is an alternative plea, yet the quoted articles are in such language as to clearly denote that the City was pleading in the alternative.
As to the other contention of plaintiff's counsel that the City has failed to aver facts upon which the plea is based, it is clear from the reading of the above that the facts set forth are sufficient to base a *Page 887 
plea of contributory negligence. These facts are practically the same as set out by the Water Works Company, save the additional facts that the vicinity was well lighted, affording plaintiff ample opportunity to avoid stepping into the hole and that she had a safe route on which she could and should have walked.
Our remarks to the Water Company's plea are applicable to the plea of the City. With regards to the vicinity of the hole and water-meter being well lighted, we say that the evidence is conflicting. The accident happened on January 1, 1945. At that time we were in the Second World War. During that period, there were "black-outs" in the City of Baton Rouge. The evidence is not clear as to when these regulations were lifted. However, conceding that these restrictions were lifted at that time, the evidence shows that there were street lights on Convention and Florida Streets. The evidence does not show that these lights greatly lighted the vicinity in question. There is also doubt or conflict in the testimony that the light from Wolf's Bakery lighted this vicinity. Conceding that defendants have proven that the street and vicinity were well lighted, the fact yet remains, as previously stated, that the hole was filled and surrounded with grass, making it very obscured.
As to the contention that plaintiff had a safer way to return home, we are of the opinion that she used the safer method of returning to her home. The sidewalk was a dirt-gravelled one with a winding, irregular path to follow. There is evidence that it had rained that afternoon or evening. The said walk was grassy on both sides of the narrow path. The street was paved; it was but natural for the plaintiff and her companion to take to the paved portion of the street. We cannot see wherein the fact of her walking on the paved portion of the street in any way can be said to be negligence on her part and a proximate cause of the accident.
[9] It is our conclusion that the City has failed in its burden of proof to show that plaintiff was guilty of negligence which was a proximate cause of the accident.
[10] As to the quantum, plaintiff has proved medical expenses to the amount of $23.68 and an outlay of $18.40 for travelling expenses, or a total of $42.08. Plaintiff sustained a fracture of the right fibula. X-Rays taken on April 20, 1945, revealed "what is probably an old oblique fracture of the right fibula at the lateral malleolus. The position is good." Plaintiff was confined to her bed for eight days. A walking cast was applied at the Charity Hospital at New Orleans, which was worn by the plaintiff for almost two months. This cast was replaced by an Unna paste boot which was worn for about a month. This, in turn, was replaced by an Ace bandage. She thereafter used a crutch for about two months. She was discharged by the Charity Hospital on June 1, 1945, and returned to work on July 8, 1945. On May 5, 1945, Dr. J.R. Godfrey reported: "Healing is coming along excellently and the bone fragments are in fine position. Because of the newness of the fracture in the weight-bearing area, I think that sensitivity and limited motion, as well as occasional swelling is to be expected. I feel, however, with activity in six months' time, Stella will be unable to tell her right ankle has ever been injured." Plaintiff testified that her foot would occasionally swell after a day's work and that at the time of the trial in January, 1946, a little over the six months' period fixed by Dr. Godfrey, her foot would swell at times, but not regularly, the last time being some three weeks before the trial. Under the medical evidence in the record, we feel that the plaintiff had fully recovered at the time of the trial without any residuary effect. Under these facts we are of the opinion that an award of $2,500.00 for her pains, sufferings and injury to be adequate.
The amount claimed for the medical care of plaintiff by the Board of Administrators of the Charity Hospital at New Orleans is not disputed and is fully proved.
For these reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from is hereby annulled, reversed and set aside; accordingly,
It is now ordered, adjudged and decreed that there be judgment in favor of the *Page 888 
plaintiff, Stella Howard, and against the defendants, City of Baton Rouge and Baton Rouge Water Works Company and Great American Indemnity Company, in solido, in the full sum of Two Thousand Five Hundred Forty-two 8/100 ($2,542.08) Dollars together with legal interest thereon from judicial demand until paid.
[11] It is further ordered, etc., that there be further judgment herein in favor of the Board of Administrators of the Charity Hospital at New Orleans, and against the said above named defendants, in solido, in the full sum of Thirty-nine 
50/100 Dollars ($39.50), together with legal interest thereon from judicial demand, until paid, and also 10% Attorneys' fees, on both principal and interest.
It is further ordered, etc., that the said defendants, in solido, pay all costs.