111 So.2d 358 (1959)
SERVICE FIRE INSURANCE COMPANY OF NEW YORK
v.
INDIANA LUMBERMANS MUTUAL INSURANCE COMPANY et al.
No. 21148.
Court of Appeal of Louisiana, Orleans.
April 27, 1959.
*360 A. J. Marciante, New Orleans, for plaintiff and appellee.
Adams & Reese and Henry B. Alsobrook, Jr., New Orleans, for defendants and appellants.
McBRIDE, Judge.
On March 31, 1957, at about 9 o'clock a. m., a Ford station wagon owned and driven by Jules J. Poche, became engaged in a collision with a Ford truck owned and driven by Vollie Corona, at the intersection of Williams Boulevard and Corona Street in the town of Kenner, Jefferson Parish, and this suit which arises therefrom is brought by the subrogee of Poche for damages in the sum of $1,015.01 sustained by Poche's station wagon. The defendants are Corona and his liability insurer; the plaintiff alleges that the accident was due to the fault and negligence of Corona in that he without any warning or signal of any kind attempted to make a left turn from Williams Boulevard into Corona Street just as Poche's station wagon was in the process of passing the Corona vehicle on the left.
The defendants disavow any negligence on the part of Corona and aver that the accident and resulting damage were caused solely and wholly by the fault of Poche in five detailed and enumerated respects, which need not be set out here. In the alternative, the defendants plead that Poche was guilty of five acts of contributory negligence. After a trial of the case on the merits, there was judgment in favor of plaintiff and against defendants in solido for the amount prayed, the judge in his written reasons for judgment stating that his opinion was that the accident was caused solely and only through the negligence of Corona. The defendants have appealed.
Both vehicles, just prior to the collision, were being operated toward the lake in the right-hand lane on Williams Boulevard which has a paved surface sufficiently wide enough to accommodate a two-way movement of traffic, the lanes thereon being separated by a median stripe. The Corona truck entered Williams Boulevard some distance aheard of Poche's station wagon and travelled along said boulevard at a speed of about 20 miles per hour. Over a distance of several blocks the station wagon steadily gained on the truck. At a point near Corona Street, Poche who desired to pass the truck accelerated his speed to 30-35 miles per hour and swerved his station wagon into the left-hand lane for that purpose. Upon reaching the intersection of Corona Street, the truck made a sudden and unsignaled turn to the left with the result that the left front fender thereof hit the right side of the station wagon just about its front fender scraping the whole side of the vehicle and causing extensive damage thereto.
Counsel for appellants feebly argue that Corona was without fault, but the record makes it clear and manifest he was grossly negligent. In motoring, turning left is recognized by the courts as a most dangerous movement, and when one operating a vehicle attempts a left turn, the onus is upon him to see that the turn can be executed with due safety and without interference to other traffic. Corona by his own admission gave no signal of any kind of his intention to turn. While he maintains he looked in his rear-view mirror to ascertain if there was following traffic, he says he observed none, and this leads us to the conclusion that he did not look at all. Corona also stated he reduced his speed to 5 miles per hour upon nearing the Corona Street intersection, but this statement is challenged by three witnesses produced by plaintiff who testified that there was no slowing down and that Corona ventured the turn suddenly and without any sort of notice.
The only real issue in the case is whether Poche was guilty of negligence contributing to the accident which would bar a recovery by plaintiff for the damages inflicted on the station wagon. The answer *361 charges, in the alternative, that Poche's contributory negligence was the proximate cause of the collision and consisted of:
A. Failure to maintain a proper lookout.
B. Operating his vehicle at an excessive rate of speed under the circumstances.
C. Failure to take cognizance of the danger created to defendant.
D. Failure to take proper action to avoid the accident.
E. Operating his vehicle in a careless and reckless manner without due regard to the property and safety of others.
It is strenuously argued that Poche's speed of 30-35 miles per hour was above the legal limit and constituted a proximate cause of the accident, and it is contended that if Poche had been traveling at not more than 25 miles per hour which is the regulated maximum rate, he could have averted the accident. There is unanimity in the testimony of the three witnesses who appeared for plaintiff that Corona started his ill-fated turn just as the front part of the station wagon had reached the rear end of the truck, and Poche stated when he became aware that Corona was going to make the turn, he could do nothing to prevent the accident. According to Poche, Corona's maneuver came so unexpectedly and suddenly that he did not even have time to make application of his brakes.
Speed played no part in the occurrence, and it should be obvious that there would have been an accident whether the station wagon was moving at 5 miles an hour or 50 miles an hour as Poche was powerless to do anything to offset Corona's reckless move. Poche was exceeding the 25 mile per hour speed limit fixed by local regulation, but even though he was guilty of a technical violation of the local ordinance, such would not constitute contributory negligence in the premises as the infraction of the law had no causal connection with the accident. It is too well settled to require citation of authorities that to hold one who violates the law responsible in damages, it must be made to appear that the manner of violation was a proximate cause of the accident and resulting injury which is not so in the instant case.
It is also asserted that Poche was guilty of contributory negligence because he endeavored to pass the truck at the intersection of Corona Street, and counsel cite LSA-R.S. 32:233, subd. E and several cases decided by the Supreme Court and Court of Appeal as affirming their position. We are without authority to consider whether Poche was or was not guilty of being contributorily negligent in this respect, for the simple reason that nowhere in the answer is it charged that he attempted to pass the truck at the intersection or that his action in doing so amounted to negligence contributing to the accident.
Contributory negligence is a defense which must be specially pleaded in order to be considered, and the defendant carries the burden of proving the allegations relied upon by him. Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717. The plea is an affirmative defense in the nature of a confession and avoidance, and it must be specially alleged to authorize the reception of evidence thereof. Saks v. Eichel, La.App., 167 So. 464. In McDonald v. Stellwagon, 140 So. 133, 138, the Second Circuit Court of Appeal said:
"* * * To properly plead contributory negligence, the facts relied upon as constituting contributory negligence must be set out. Quatray v. Wicker, supra [16 La.App. 515, 134 So. 313]; Gauvereau v. Checker Cab Co., supra [14 La.App. 448, 131 So. 590]; Giangrosso v. Schweitzer, 10 La.App. 777, 123 So. 127; Quintano v. Ibos, 14 La.App. 73, 128 So. 186."
Facts other than those alleged in the plea cannot be considered. Howard v. Great American Indemnity Co., La.App., 36 So. 2d 881.
*362 The general averments made in the plea that Poche failed "to take proper action to avoid the accident" and he was "operating his vehicle in a careless and reckless manner without due regard to the property and safety of others" are insufficient to permit a showing to be made that contrary to statute Poche endeavored to pass a vehicle at an intersection. To make a charge there was contributory negligence is to charge a conclusion of law and unless there are alleged facts from which a legal conclusion may be drawn, the charge is without effect. Kernstock v. City of New Orleans, La.App., 147 So. 371.
The same observations can be made with reference to Poche's failure to sound a horn warning that he intended to pass the truck as such fact is not alleged by the defendants. Moreover, we do not think any reason existed for Poche to forewarn Corona of his intention to pass since he was overtaking Corona in a separate or opposing lane for traffic, which maneuver did not require that Corona move to the right in order to allow a path for the movement of the passing vehicle. See Martin v. Globe Indemnity Co., 64 So.2d 257, decided by us.
The admission of evidence in the case to the effect that Poche attempted to make a passage of the other vehicle at an intersection did not constitute an enlargement of the pleadings so as to warrant the court considering such evidence on the issue of contributory negligence. We are well aware of the jurisprudence to the effect that ordinarily evidence touching issues not raised by the pleadings and received without objection effectively enlarges the pleadings to the extent that it is to be considered as an issue in the case. But this rule does not obtain where the evidence in question is responsive to the pleadings and admissible thereunder and could not have been successfully objected to. The testimony that Poche was in the act of passing the truck at the intersection was admissible under the general issue raised by the petition and the answer and as going to show the exact location and circumstances of the accident. Surely such evidence could not have been rejected upon objection by the plaintiff as being irrelevant and outside the scope of the pleadings. See Hecht v. Toye Bros. Yellow Cab Co., La.App., 62 So.2d 520.
Defendants produced a witness named Chenevert, who claims he was driving a vehicle which was traveling behind Corona's truck and ahead of Poche's station wagon, or, in other words, between the two vehicles involved in the accident. Chenevert, whose presence at the scene is very much disputed by plaintiff's witnesses, stated the truck's speed was reduced as it reached Corona Street. Chenevert also said when the station wagon was 30 feet behind the truck, Poche applied his brakes and "it was kicking up dust and gravel."
Wise, a state trooper, appeared as a defense witness and testified that in his official capacity he appeared upon the scene some 20 minutes after the accident for the purpose of conducting an investigation. The pertinent part of the trooper's testimony is that he observed markings on the left lane on Williams Boulevard and on the adjacent gravelled shoulder which he attributed to the wheels of the station wagon. These markings, he said, measured about 60 feet in length, and he gave as his opinion that this demonstrated that Poche had applied his brakes before the accident and his vehicle had skidded said distance before the impact took place.
Appellants' counsel deduce from the evidence given by Chenevert and Wise that Poche was cognizant before reaching Corona Street that the truck would make a turn and that he, contrary to what he stated on the stand, actually applied his brakes. The argument ensues that had Poche been traveling at a lawful and prudent rate of speed, he would have had ample space and opportunity to take effective steps to avoid the collision.
*363 These assertions of Chenevert and the conclusions of the state trooper are at irreconcilable variance with the testimony of Poche and the two witnesses who were passengers in the station wagon, and the trial court undoubtedly was more impressed by what the plaintiff's witnesses testified to and found from their testimony the facts upon which the judgment is predicated. We are importuned by appellants to accept instead the defense testimony and to overturn the factual findings of the lower court.
We do not believe that Poche had the last clear chance to avoid the accident. Careful study has been given to the evidence, and we gain the impression that plaintiff's witnesses testified forthrightly and they appear to be honest and intelligent persons and worthy of belief. The three agree that the station wagon was almost abreast of the truck when Corona made the sudden turning maneuver.
However, even if we were doubtful as to who was telling the truth, we would not feel justified in reversing the judgment in favor of plaintiff. A strong presumption of correctness clothes the findings on facts made by the trial judge and such factual findings should not be disturbed unless manifest error appears. The judge below was in the more advantageous position to determine the credibility and veracity of the witnesses who testified in the case and to resolve any conflict in the testimony as between the opposing witnesses. He resolved all questions of fact in plaintiff's favor. We feel it is proper to enter a decree affirming the judgment appealed from as we perceive no error whatever therein.
The amount of plaintiff's claim is not disputed, as counsel stipulated that the amount prayed for is the extent of the damage to the station wagon.
For the reasons above assigned, the judgment appealed from is affirmed.
Affirmed.