121 So.2d 375 (1960)
DELTA FIRE & CASUALTY COMPANY
v.
William J. BIRD and Odell N. Bird.
No. 21297.
Court of Appeal of Louisiana, Orleans.
June 20, 1960.
*376 Bienvenu & Culver and Lawrence D. Wiedemann, New Orleans, for plaintiff and appellant.
Gemeinhardt, Johannesen, Roberts & La Cour, New Orleans, for defendants and appellees.
Before McBRIDE, REGAN and CHARLES J. RIVET, JJ.
McBRIDE, Judge.
The automobiles of Burton H. Himbert, Sr. and William J. Bird collided at the intersection of Phospher Avenue and Hesoid Street in Metairie, Louisiana, at about noon on December 25, 1956, and as a result Himbert's car was damaged to the extent of $264.22, and by this suit his insurer-subrogee seeks to recover said amount in solido from Bird and his wife, who was driving the Bird car at the time on a community errand. Several acts of negligence are ascribed to Mrs. Bird, but we think it unnecessary to detail the same here.
The defendants answered the suit denying fault on the part of Mrs. Bird and alleging that the sole and proximate cause of the accident was the negligence of Himbert in that he was speeding, failed to stop, failed to have his car under control and to see what he should have seen, failed to yield the right of way, and failed to apply his brakes.
Defendants then set forth the following allegation:
"13. Further answering, in the event and only in the event that this Honorable Court should find the defendant Odell N. Bird, or William J. Bird or both, negligent then the special plea of contributory negligence is pleaded against the plaintiff's insured and the plaintiff."
After a trial of the case on the merits, the trial judge, without handing down written reasons, rendered judgment in favor of defendants dismissing plaintiff's suit, and plaintiff has appealed.
The negligence of Mrs. Bird is so palpable no extended discussion of the evidence in that regard is required. She was driving on Hesoid Street in the direction of New Orleans, and although an official traffic sign directing that she yield the right of way to traffic on Phospher Avenue confronted her, she entered the intersection, a blind one, at not less than 35 miles per hour directly into the path of the Himbert car, which was traveling on Phospher Avenue in the direction of the river, which struck her car on its left side. Her negligence was the proximate cause of the accident.
There was no pre-emption of the intersection by Mrs. Bird, for it appears the impact occurred in the center thereof, *377 and her entry therein just a split second before the other car accorded her no preemptive right of way. Nor does the evidence show that the sole and proximate cause of the accident was the negligence of Himbert in any of the specifications charged against him, and unless the plea of contributory negligence can be sustained, a recovery by plaintiff is in order.
It will be noted the plea of contributory negligence is unsupported by any averments of fact, the answer making the bald alternative allegation "the special plea of contributory negligence is pleaded against the plaintiff's insured and the plaintiff." Himbert is not charged with being guilty of contributory negligence in any respect; he is charged only with several acts of primary negligence said to have been the sole and proximate cause of the accident.
In Service Fire Insurance Company of New York v. Indiana Lumbermans Mutual Insurance Company, La.App., 111 So.2d 358, 361, this court said:
"Contributory negligence is a defense which must be specially pleaded in order to be considered, and the defendant carries the burden of proving the allegations relied upon by him. Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717. The plea is an affirmative defense in the nature of a confession and avoidance, and it must be specially alleged to authorize the reception of evidence thereof. Saks v. Eichel, La.App., 167 So. 464. In McDonald v. Stellwagon, 140 So. 133, 138, the Second Circuit Court of Appeal said:
"`* * * To properly plead contributory negligence, the facts relied upon as constituting contributory negligence must be set out. Quatray v. Wicker, supra (16 La.App. 515, 134 So. 313); Gauvereau v. Checker Cab Co., supra (14 La.App. 448, 131 So. 590); Giangrosso v. Schweitzer, 10 La.App. 777, 123 So. 127; Quintano v. Ibos, 14 La.App. 73, 128 So. 186.'
"Facts other than those alleged in the plea cannot be considered. Howard v. Great American Indemnity Co., La.App., 36 So.2d 881."
We have no difficulty in concluding that the allegations of the answer before us are not sufficient to raise the issue of contributory negligence. As stated above, the pith of the answer is that defendants specially deny Mrs. Bird was at fault, and then the affirmative allegations appear that Himbert's negligence was the sole and proximate cause of the collision, the particulars thereof being set out in detail. Merely to make a charge there was contributory negligence is to allege a conclusion of law and unless there are facts set out from which a legal conclusion may be drawn, the charge is without effect. Kernstock v. City of New Orleans, La.App., 147 So. 371; Service Fire Insurance Company of New York v. Indiana Lumbermans Mutual Insurance Company, supra.
The judgment appealed from is reversed, and it is now ordered, adjudged and decreed that plaintiff have judgment against the defendants in solido for the full sum of $264.22, with legal interest from judicial demand and with costs of both courts.
Reversed.
JANVIER, J., takes no part.