This is a suit for damages resulting from a collision between a motorcycle ridden by plaintiff and a Ford automobile driven by defendant's assured. There was judgment for defendant rejecting plaintiff's demands, from which judgment plaintiff appeals.
The only witnesses to the accident were plaintiff and the assured. The testimony of the parties is as nearly free of conflict as could reasonably be imagined, and the evident fairness and truthfulness of the two principals were so noteworthy as to have drawn merited commendation from the District Judge, in his opinion, which we desire to here re-emphasize.
The facts show that at about the hour of 8:30 on the morning of January 22, 1948, plaintiff was riding his motorcycle on Southern Avenue, a right-of-way thoroughfare of the City of Shreveport, in a northerly direction. Between the intersections of Prospect and Dalzell Streets plaintiff was riding some 20 feet behind the automobile of defendant's assured, one Roger Culbertson, which was proceeding in the same direction on the right-hand side, within a foot or so of the center line of the street. Both vehicles were being operated at a reasonable rate of speed in the neighborhood of 20 to 25 miles per hour. Plaintiff testified that he was anxious to pass the Culbertson car, and, after following the said vehicle for some block or block and a half and finding the way cleared of on-coming traffic, he sounded the horn on his cycle, and began to negotiate a passing maneuver just at or about the intersection of Dalzell Street. At almost the same instant Culbertson, without giving any hand signal but after "jamming" his brake two or three times which automatically Hashed a taillight on the left rear of his car, began the execution of a left turn into Dalzell, which carried him immediately into the path of the passing motorcycle. The latter vehicle crashed into the left side of the automobile about the middle portion the *Page 785 
Plaintiff was thrown from his machine, sustained a serious oblique, compound fracture of the middle third of the tibia of the right leg, which injury required hospitalization, the performance of an open reduction on the bone, and the introduction of a plate. Plaintiff was permitted to leave the hospital on February 1, 1948, after ten days treatment, after which he was confined to his bed at home for some two weeks. The injured leg was kept in a cast for some six weeks, after which the stitches were removed. Thereafter plaintiff was able to get about to a limited extent with the use of crutches until the early part of May, following which period he walked with a cane for several weeks. As the result of his injuries plaintiff, who was employed as a field worker for the Schlumberger Well Surveying Corporation, was unable to return to his job until May 17, 1948, at which time he returned to limited duty until he was again able to resume his regular work on July 15, 1948. Plaintiff sued for damages, variously itemized, totaling the sum of $7,759.40.
The only differences with respect to the facts involved result not from conflicts in testimony but simply from the admitted failures of the parties to hear or see the other's signals. That is, plaintiff says he did not see the flashing of the taillight on the Culbertson car, while Culbertson testified that he did not hear the sounding of plaintiff's horn. The only conflict of testimony is with respect to the position and condition of the windows on the left side of the Culbertson car. Plaintiff testified that the windows were closed and were fogged in such manner as to make vision difficult, while Culbertson testified that the left front window was open some inch or so from the top and the glass was clear.
While Culbertson admits that he did not give any manual signal warning of his intention to turn, he testified that he looked into the rear view mirror inside his car and an extension rear view mirror on the left outside of his car and did not perceive the approach of the motorcycle. The only explanation which he advanced for his failure to see the motorcycle which had been following him for some block or so was that there was a blind spot, due to the solid construction at the left rear of the automobile between the rear glass and the left rear glass, which might have obscured a small vehicle from view in either of his mirrors.
Upon these facts the District Judge found that defendant's assured, Culbertson, was guilty of negligence in attempting to make a left turn without giving the proper warning signal as required by the applicable ordinances of the City of Shreveport. However, the District Judge further found that plaintiff was guilty of contributory negligence in attempting to pass a vehicle at a street intersection in violation of Section 3, Rule 7 (e) of Act No. 286 of 1938, better known as the Louisiana Highway Regulatory Act, and, on the basis of the conclusion that plaintiff's contributory negligence had been a proximate cause of the accident, there was judgment for defendant.
Before proceeding to a discussion of the merits it is necessary for us to consider certain preliminary matters which were raised by counsel for defendant and which have been re-urged before this Court. An exception of no cause and no right of action was filed on behalf of defendant. The exception was first sustained and then, on rehearing, overruled by the District Judge. The exception was based on the proposition that the allegations of plaintiff's petition showed the sole and proximate cause of the accident to be due to plaintiff's negligence, and, in the alternative, conceding that plaintiff's petition properly alleged actionable negligence on the part of defendant, that the said petition further alleged the contributory negligence of plaintiff as constituting a proximate cause of the accident.
It is true that certain allegations of plaintiff's petition showed that the accident occurred as plaintiff attempted to pass another vehicle at a street intersection. It is further true that this is a violation of the cited provisions of the Highway Regulatory Act. But, as properly observed by the District Judge in overruling the exception, it is not every case of negligence on the part of the plaintiff that will bar recovery. The question as to whether the alleged act of passing at an intersection was a proximate cause was not entirely a question of law but *Page 786 
involved a question of fact which could only be determined by trial on the merits.
The same reason is applicable to the alternative proposition inasmuch as a determination as to whether plaintiff's contributory negligence was a proximate cause of the accident is also a matter of fact to be determined on consideration of the merits. We think the exception was properly overruled.
Defendant filed a plea of unconstitutionality directed at Act No. 55 of 1930, which is strenuously urged before this Court by diligent counsel. It is asserted that plaintiff relies on the cited act as constituting his sole right for bringing a direct action against defendant as liability insurer of the driver of the car involved in the accident.
The attack on the Act is based upon the premise that the title thereof embraces more than one object, and is not indicative of the objects comprehended in the Act, contrary to the provisions of Section 16 of Article III of the Constitution of 1921.
This identical point has twice been considered by our brethren of the Orleans Court of Appeal. Rossville Commercial Alcohol Corporation v. Dennis Scheen Transfer Co., 18 La. App. 725, 138 So. 183; Burglass v. Burglass, La. App., 193 So. 275. In both of the cited cases the attack upon the constitutionality of the act failed. With the conclusions reached and the reasons therefor, as stated in the cases cited, we are in complete accord.
But, proceeding further, counsel attacks the constitutionality of the Act on the ground that there is no indication in the title "that the statute proposed to create the relationship of solidary obligors between the insured and the insurer". The conclusion is drawn that the incorporation of such a provision in the statute resulted in the inclusion of more than one object, a point which has apparently not been heretofore raised.
We point out that the relationship between the insured and the insurer is purely a matter of interpretation. It may be, as counsel has stated in brief and urged in argument, that the Supreme Court has interpreted provisions of the Act as creating the relationship of solidary obligors between the parties to the contract of insurance. Certainly, this is a matter purely and simply of interpretation and is not a point that derives from any specific provision of the Act with relation to its title.
So far as we know judicial interpretation of statutes is not a ground for an attack upon the constitutionality of such acts. Accordingly, in our opinion, the plea of unconstitutionality was properly overruled.
Turning to the merits, counsel for plaintiff-appellant first contends, and properly, that the driver of an automobile is under a legal duty with respect to executing a hand signal before making a turn, and that failure so to do constitutes reckless driving. These conclusions are justified by reference to specific ordinances of the City of Shreveport which were properly introduced in evidence on trial of the case.
In this connection it is further asserted that left turns are peculiarly dangerous and hazardous maneuvers and should be undertaken with extraordinary care. This proposition is well established by an impressive array of cases which might be cited, but the general proposition is freely conceded in brief of counsel for defendant-appellee, which concession obviates the need of citation.
Considering the unusual danger attached to the execution of a left turn by a motor vehicle, and the high degree of care required in connection therewith, and in view of the established fact that defendant's assured failed to give a proper signal, there is no question as to the fact that he was guilty of negligence which was a proximate cause of the accident. The District Judge so found, in which finding we concur.
Additionally, it is urged with respect to the plea of contributory negligence that defendant failed to properly plead contributory negligence, which defense, accordingly, is barred.
Reference to defendant's answer shows that, although he specifically pleaded contributory negligence on the part of plaintiff, he failed to set forth the facts upon which he relied in support of such *Page 787 
plea. We think it is well established by the jurisprudence of this State that a plea of contributory negligence cannot be invoked in the absence of the allegation of the facts relied upon as constituting such contributory negligence. McDonald v. Stellwagon, La. App., 140 So. 133, citing Quatray v. Wicker, 16 La. App. 515, 134 So. 313; Gauvereau v. Checker Cab Co., 14 La. App. 448, 131 So. 590; Giangrosso v. Schweitzer, 10 La. App. 777, 123 So. 127; Quintano v. Ibos, 14 La. App. 73, 128 So. 186; Howard v. Great American Indemnity Co., La. App.,36 So.2d 881; Althans v. Toye Bros., La. App., 191 So. 717.
However, the charge of the failure to properly plead contributory negligence is met by counsel for defendant with the contention, which was accepted and approved by the District Judge, that evidence which is admitted without objection has the effect of enlarging the pleadings, citing Thiberge Ptg. Co. v. Drumm, 5 La. App. 550; and Frierson v. Shreveport Grocery Co., 3 La. App. 44.
The enunciated rule of enlargement of the pleadings by testimony is subject to certain requirements. The principle was stated by this Court in the recent case of Bayou Rapides Lumber Co. v. A. B. Campbell et al., La. App., 41 So.2d 78, 83, as follows:
"The principle of law has been well established in Louisiana that evidence relevant to issues that are pleaded does not have the effect of enlarging the pleadings to the extent of injecting new issues or injecting a cause of action not pleaded. Nezat v. General Outdoor Advertising Co., La. App.,24 So.2d 482; Tensas Delta Land Co., Ltd., v. Ferguson, Assessor, et al., 128 La. 171, 54 So. 708; Hope v. Madison, 192 La. 593,188 So. 711."
The judgment of this Court on review before the Supreme Court was affirmed and the opinion containing the above-quoted statement was adopted as that of the Supreme Court. Bayou Rapides Lumber Co. v. A. B. Campbell et al., La.Sup.,41 So.2d 781.
It is necessary that we examine the testimony admitted in the light of this holding. But the manner in which and the means by which the enlarging testimony has been admitted also has a bearing in the application of the enunciated principle. It is established that if plaintiff's own evidence reflects his contributory negligence to a degree barring recovery, it must be accepted without regard to the omission of such a plea on the part of defendant. Ryan v. Louisville N. O. T. Ry. Co., 44 La. Ann. 806, 11 So. 30; Baden v. Globe Indemnity Co., La. App., 146 So. 784.
Reverting to the record we find that the testimony of plaintiff himself, on direct examination, established the fact that he attempted to pass the car driven by defendant's assured at a street intersection. Since this was an act specifically prohibited by law, plaintiff himself has established his own contributory negligence, and, in our opinion, even had defendant omitted to specifically allege contributory negligence this testimony would have supplied the omission.
With reference to the provisions of Rule 7(e) of Section 3 of Act No. 286 of 1938, prohibiting passing at highway intersections, counsel for plaintiff contends that the same is not applicable to the streets of a city, being intended only as a safeguard for traffic at highway intersections. This point has been recently considered by this Court in Holliday v. Hartford Accident Indemnity Co., La. App., 38 So.2d 235, 238, and the opinion of Judge Taliaferro disposed of the issue in these words:
"Defendant argues that the street on which the accident happened has not been shown to be a highway or part of a highway within the purview of the quoted rule. This contention is not well founded. Subsection (n) of Section 1 of said Highway Regulatory Act is determinative of this question. This section is to be founded under title 'Definitions and General Authority.' It reads:
" 'The term "Highway" includes every way or place of whatever nature open to the use of the public, for the purpose of vehicular travel.' "
Having arrived, by what appears to be excessive circumlocution, at the conclusion that plaintiff was guilty of negligence which *Page 788 
was a proximate cause of the accident, and that defendant was guilty of contributory negligence, which was also a proximate cause of the accident, and which would bar recovery, we are finally confronted with the contention that defendant's assured had the last clear chance to avoid the accident, failing which he is liable for plaintiff's injuries.
The trial Judge disposed of this point with the observation that the doctrine of last clear chance would be applicable only in the event Culbertson had discovered plaintiff's peril and failed, after such discovery, to avoid injuring him, and that no facts in the instant case supported such a conclusion.
As a general proposition the trial Judge correctly stated the doctrine, but again there is a modification of the general rule. The doctrine of last clear chance is applicable not only in cases of discovered peril but in those cases where the peril could and should have been discovered. The case of Neyrey v. Maillet, La. App., 21 So.2d 158, 163, is of particular interest in this connection. In the cited case the "blind spot" which has been alluded to above was a point at issue. Judge McCaleb, the author of the opinion, made the following observation:
"Comment is made by our brother below in his written opinion about a 'blind' spot back of the rear wheel of defendant's car and we assume that he means by this observation that, because plaintiff was standing to the right of the rear of the Ford, it was difficult for defendant to get a glimpse of her in that position by looking through his rear-view mirror. If this be so, then our answer is that he should not have relied entirely upon the limited vision afforded him by the rear-view mirror and that he should have taken additional precautions to obtain a full view to his rear before he put his car in motion."
Further, Judge McCaleb, dealing with the application of the doctrine of last clear chance, declared:
"The evidence produced by plaintiff establishes that, at the time she and her daughter positioned themselves in the space behind defendant's car, defendant had not yet started his backward movement. Therefore, he had a last clear chance, if he had exercised the precaution required of him, to have discovered their presence in the rear of his car in ample time to have avoided the accident."
Further support of the application of the doctrine is found in Loewenberg v. Fidelity Union Casualty Co. et al., La. App., 147 So. 81, and Young v. Thompson, La. App., 189 So. 487, citing Jackson v. Cook, 189 La. 860, 181 So. 195.
In the instant case we think Culbertson could and should have discovered the presence of the following motorcycle operated by plaintiff at some time during the course of the progress of the respective vehicles along Southern Avenue. Certainly, even if he had failed to perceive the motorcycle during the course of the block or block and a half prior to reaching the intersection of Dalzell Street, he was required, because of the extreme hazard involved in making a left turn, to take additional precaution before entering upon such a maneuver. If the opportunity of readily detecting a following vehicle by glancing in a rear view mirror is impeded by the existence of a blind spot, this fact in itself should require the exercise of additional and extreme precautionary measures even to the extent of looking out the window to the rear, and failure to take such measures, in our opinion, justifies the invocation and application of the doctrine of last clear chance.
Implicit in Culbertson's own testimony is his recognition of the existence of the blind spot which interfered with a proper view to the rear. We quote the pertinent portion of his testimony as follows:
"Q. Your statement is that you can see everything behind you through the rear view mirror and the side mirror except for a small blind spot. Did you make a left hand turn off a street merely by looking into both mirrors, without any other precaution? A. Yes, sir, because I am usually going slow and people are supposed to keep their automobiles and things under control at all times.
"Q. In other words, as I understand it, you are willing to rely on a look in both *Page 789 
those rear view mirrors, one outside and one inside? A. I used to be, but I am more cautious now. I agree with you on that."
It is evident from the above-quoted extract of testimony that Culbertson proceeded on the theory that it was the duty of others to keep their automobiles under control to such extent that they would be able to avoid a collision when he made an unsignaled or improperly signaled left turn. This in itself is a violent and unjustified presumption. When his knowledge of the blind spot is taken into consideration we think it logically follows that he failed to see what he could have seen and what he should have seen by the exercise of precautionary measures which were clearly indicated under the circumstances. This failure to avail himself of the last clear chance to avoid the accident renders him liable.
There remains only the fixing of the quantum of damages. A revised itemization of damages contained in brief of counsel for plaintiff is set up as follows:
Loss of wages from January 22, to May 17, 1948 $1,042.82 Reduction of wages from May 17 to July 15, 1948 152.12 Tri-State Hospital, ambulance and nurse 254.40 Willis-Knighton Clinic 130.00 Injury to leg, pain and suffering 3,000.00 ---------- Total $4,579.34
Counsel for defendant admits the undisputed proof of all the above items with the exception of the amount claimed for pain and suffering, with respect to which it is urged that an award of $1,500.00 would be ample compensation.
The record discloses that plaintiff experienced a normal recovery, considering the type of injury suffered, and it is not shown that he suffered to any unusual extent. In view of these facts, we, too, feel that an award of $1,500.00 would be sufficient for this item, which would fix the total amount of recovery at $3,079.34.
For the reasons assigned the judgment appealed from is reversed and set aside, and it is now ordered, adjudged and decreed that plaintiff, Odis Frank Parker, have judgment in the sum of $3,079.34 against the defendant, Home Indemnity Company of New York, with legal interest thereon from date of judicial demand, together with all costs.