On Rehearing.
HARDY, Judge.
The facts are fully set forth in the opinion of this court on original hearing. After consideration of plaintiff’s application we felt constrained to grant a rehearing herein.
The points here involved may be stated as follows:
(1) Is a plaintiff required to affirmatively allege that his warning signals, indicating an intention of overtaking and passing a vehicle proceeding in the same direction, have been heard and heeded by the driver of the forward car? and
(2) Does the affirmative allegation of a plaintiff’s petition of an attempt to pass a forward vehicle at an intersection in violation of paragraph (c) of rule 7, § 3, of the Highway Regulatory Act No. 286 of 1938, LSA-RS 32:233, subd. C, preclude recovery under any and all circumstances of fact which may be developed on trial?
We undertake consideration of the above questions seriatim. In our original opinion, delivered by Judge TALIAFERRO as the organ of the court, it was observed that Cassar et ux. v. Mansfield Lumber Company, Inc., et al., 215 La. 533, 41 So.2d 209, was not apposite. In support of this conclusion the opinion observed: “ * * * the driver of the forward car testified that he heard the signals of and saw the car behind him, one hundred twenty (120) feet away, immediately prior to the collision. That is not the case here.” (Emphasis supplied.)
Upon further consideration we must confess that it is evident that the facts in the Cassar case were developed upon trial thereof. We now perceive that to require *259 a plaintiff to allege that the driver of a forward vehicle heard and heeded a warning would be an unjustified and burdensome obligation, which in many instances would be impossible of fulfillment. We now think that the better conclusion would be to the effect that the resolution of this question is a point to be determined upon trial. The allegation by a plaintiff that ¡he has given warning should be 'considered as having met the burden imposed upon his pleading.
Proceeding to a discussion of the second issue, while it is quite true that an allegation that a plaintiff attempted to pass a forward vehicle at an intersection is in direct disregard of statutory prohibitions, it must be conceded, as has been many times held by the courts of our state, that it is not every case of negligence or statutory violation on the part of a plaintiff that will bar his recovery. Again we are moved to the conclusion that this is a matter to be determined by the facts adduced on trial. We think this point was thoroughly considered by this Court in Parker v. Home Indemnity Company of New York, La.App. 41 So.2d 783, in which we enunciated the principle above stated.
Parenthetically we observe that a plaintiff, making an affirmative allegation of a violation of law, voluntarily concedes two strikes against his chances. Nonetheless, this obstacle to recovery is not completely insurmountable.
Accordingly, the original opinion and decree of this court, as rendered on February 8, 1951, is now recalled and set aside. It is now ordered, adjudged and decreed that the judgment appealed from be and it is hereby reversed and set aside, defendant’s exceptions are overruled, and the case is remanded to the Honorable the Twenty-Sixth Judicial District Court in and for the Parish of Webster, State of Louisiana, for further proceedings consonant with this opinion. Costs of this appeal are taxed against defendant-appellee, and it is ordered that all other costs await final determination hereof.
TALIAFERRO, J., dissents, adhering to his former opinion in this case.