SAVOY, Judge.
This is an action in tort filed by plaintiff, as the father of his minor son, against defendant, insurer of Royal Delahoussaye, as a result of a collision which occurred at the intersection of Twelfth Street and Seventh Avenue in the City of Lake Charles on November 28, 1960, between a motor scooter driven by the minor, Ovey Menard, Jr., and an automobile driven by Royal Delahoussaye.
Defendant filed a general denial to the allegations of the plaintiff’s petition, and alternatively plead contributory negligence on the part of the minor, Ovey Menard, Jr.
After a trial on the merits, the district judge found both Delahoussaye and young Menard guilty of negligence and rejected the demands of plaintiff and dismissed his suit.
Plaintiff appealed to this Court from the ruling of the judgment of the lower court.
At the conclusion of the trial, the district judge dictated in the Minutes his finding of facts in the instant case. After examining the record in the instant case, we hereby adopt the district judge’s statement of facts which reads as follows:
“Just prior to the accident the defendant’s insured, Mr. Delahoussaye, accompanied by his son-in-law, Mr. Petty, was proceeding towards the west in his automobile on Twelfth Street at a speed of approximately twenty miles per hour or so. He was followed by another automobile driven by Sgt. Weinfurter, who was accompanied by his wife; and there probably was another automobile traveling west following the Weinfurter car. The plaintiff’s minor son, Ovey Menard, Jr., was also proceeding toward the west on Twelfth Street immediately prior to the accident -at a speed of from thirty to forty-five miles per hour.
“Seventh Avenue forms a T-intersection with Twelfth Street — Seventh Avenue being a paved street running north and south, and Twelfth Street being a paved street running east and west. — as Seventh Avenue enters Twelfth Street from the south, but does not extend across Twelfth Street to the north.
“As the vehicles approached this intersection, Mr. Delahoussaye slowed his automobile, and gave a hand signal indicating a left turn. There is some question as to where his vehicle was when the hand signal was given, but both Sgt. Weinfurter and his wife testified that they saw the hand signal prior to the turn. It is difficult for the Court to see how Mr. Delahoussaye could have rolled down his window, given a hand signal and rolled it up within a distance of twenty feet from the intersection as testified by Mr. Petty; nevertheless, it is clear that the hand signal was given, and according to the testimony of the Wein- *184 furters, who were in the following automobile, the signal was clearly visible.
“About this time Ovey Menard, Jr. proceeded to pass the three automobiles that were ahead of him going west. He says he did so at a speed of from thirty to thirty-five miles per hour. An apparently disinterested witness, who was also proceeding towards the west on a motor scooter estimated the speed of the Menard scooter at from forty to forty-five miles per hour. When the Menard scooter got almost at the intersection the Delahoussaye car turned to its left, and the Menard scooter crashed into the left front side of the Dela-houssaye car after it had traversed a good portion of the intersection. Apparently the Delahoussaye car was traveling at a slow speed, because it stopped almost immediately upon the impact.
“As a result of the accident the Menard boy was severely injured, having sustained a fracture of his leg, which ultimately required an operation to set the bones, and hospitalization and a recuperative period of several months. * * * ”
An ordinance of the City of Lake Charles, which was in effect at the time the accident occurred, provides, in part, that:
“The driver of a vehicle shall not overtake and pass or attempt to overtake and pass another vehicle proceeding in the same direction at any steam or electric railway grade crossing or at any intersection of highways unless permitted so to do by a traffic or police officer.”
LSA-R.S. 32:233, subd. E provides that:
“The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so by a duly authorized traffic or police officer.”
In the case of Nicolle v. Roberts, (Ct.App., Orl., 1960), 117 So.2d 622, the court said:
“The courts have held that it is negligence per se for a motorist to pass a vehicle going in the same direction at an intersection.” (Citations listed.)
The courts have also held that LSA-R.S. 32:233, subd. E, prohibiting passing a vehicle at a highway intersection, is applicable to the streets of a city. Parker v. Home Indemnity Co. of New York, (Ct.App., 2 Cir., 1949), 41 So.2d 783.
Even assuming negligence on the part of defendant, it is the opinion of this Court that a proximate cause of the accident in the instant case was the negligence of the minor, Ovey Menard, Jr., in attempting to pass or overtake the Delahoussaye vehicle at the intersection of Twelfth Street and Seventh Avenue without maintaining a proper lookout and in driving his motor scooter at an excessive rate of speed under the circumstances.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.