*417 ON APPLICATION FOR REHEARING
PER CURIAM.
On application for rehearing, it is urged by plaintiff-appellee that the plea of contributory negligence entered by defendant-appellant was improperly pleaded in that it did not specifically allege that plaintiff was contributorily negligent for violating R.S. 32.76(A) (2), passing within one hundred feet of an intersection, and that this negligence proximately caused or contributed to the occurrence of the accident. Counsel argues that a general allegation of contributory negligence will not suffice to become the basis for a judgment.
Plaintiff has not urged this argument at any time prior to application for rehearing. The matter was given some attention, however, in the lower court. In his reasons for judgment the trial judge made the following statements:
“Defendant contends that the passing maneuver violates the state highway [regulation concerning passing at an] (sic) intersection R.S. 32.76(A) (2) and constitutes contributing negligence on the part of plaintiff.
“The defendant did not put on a defense but relied solely upon the testimony elicited by plaintiff in support of its affirmative defense of contributory negligence on the part of the plaintiff.”
It was considered but rejected by the trial judge.
The plea of contributory negligence was argued strenuously on appeal by both litigants. It was only after a finding by this court that plaintiff was contributorily negligent that the new argument of improper pleadings was presented, and this only on application for rehearing.
It is true that a plea of contributory negligence cannot be invoked in the absence of specific allegations of fact which constitute contributory negligence. Service Fire Ins. Co. of N. Y. v. Indiana Lumbermans Mutual Insurance Company, La.App., 111 So.2d 358 (Orleans 1959) and the authorities cited therein.
This argument may be overcome, however, if evidence was presented by the plaintiff, which would enlarge the pleadings because the evidence was admitted without objection. The rule of enlarging the pleadings is subject to restrictions itself, however, and it is established that evidence relevant to issues that are pleaded does not have the effect of enlarging the pleadings. Bayou Rapides Lumber Co. v. Campbell, 215 La. 849, 41 So.2d 781 (1949).
It becomes necessary to examine the testimony admitted in light of the above holding in order to determine whether or not the pleadings have been enlarged. The manner by which the enlarging testimony has been admitted also bears on the application of the principle. It has been held that if plaintiff’s own evidence reflects his contributory negligence to a degree barring recovery, it must be accepted without regard to the omission of such a plea on the part of the defendant, Parker v. Home Indemnity Co. of New York, La.App., 41 So.2d 783 (2nd Cir. 1949).
Plaintiff’s petition alleged:
“That defendant was the owner and operator of the said 1966 Buick Sedan [which] (sic) was then being driven on Belle Meade Boulevard, immediately outside of the City of Gretna; that as the said 1966 Buick approached Bell Chasse Highway, the driver thereof turned suddenly into the Belle Chasse Highway directly into the path of the said Thomas G. Tomba; that the ensuing collision was the sole result of the negligence of the said Frances J. Smith, and occurred through no fault on the part of the said Thomas G. Tomba.”
Mr. Tomba, testifying on direct examination, admitted he was in the process of passing a truck when defendant pulled out of the intersection and the collision occurred. Plaintiff’s testimony establishes *418 the fact that he attempted to pass a truck at an intersection, an act specifically prohibited by law. This testimony was not only not necessary but contrary to its pleadings and for these reasons extended the pleadings to inject the issue of contributory negligence within the rationale of the Parker case, supra, and Baden v. Globe Indemnity Co., La.App., 146 So. 784 (2nd Cir. 1933).
Therefore, under the authority of Article 2164 of the Code of Civil Procedure we reaffirm our finding of contributory negligence on the part of plaintiff’s driver for it would, indeed, be unjust to allow a plaintiff to testify himself out of court but nevertheless allow recovery because of a procedural technicality. Procedure is a means to an end, namely, justice and not an end in itself, LSA-C.C.P. Art. 5051. Therefore, rules of procedure should not be used to hamstring substantive law, but rather to implement it.
Application for rehearing denied.